UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER BRIEN SHARPE,

    Plaintiff,

v.                                                Case No.  5:20-cv-311-TKW/MJF

DIAZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated the Eighth Amendment when she failed to provide adequate dental care. Doc. 1. The facts as presented in Plaintiff's second amended complaint, Doc. 27, fail to state a facially plausible claim for relief against the named Defendant. The undersigned, therefore, recommends that Plaintiff's second amended complaint be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

Plaintiff names a single Defendant in his second amended complaint: Diaz.[2] According to Plaintiff, Diaz is a dentist. Doc. 27 at 2. Diaz was employed by Centurion Healthcare Services, which provides dental treatment to inmates at Jackson Correctional Institution ("Jackson C.I."). *Id.* The following allegations are derived from Plaintiff's second amended complaint.

Prior to July 28, 2018, Plaintiff complained to the medical and dental staff at Jackson C.I. of tooth sensitivity and pain caused by two cavities in Plaintiff's teeth. *Id.* at 14. On Wednesday, July 28, 2018, Plaintiff went to the "pill window" and asked the nurse if he could declare a dental emergency because the lower right side of his face was swollen. *Id.* The unnamed nurse denied Plaintiff's request and explained that dental personnel would not be back at the prison until "Monday." *Id.*

On Monday July 30, 2018, Plaintiff went to the medical building to seek medical attention for the lower right side of his face. Doc. 27 at 14. Plaintiff declared a dental emergency because the swelling had increased and he was in extreme pain. Diaz explained to Plaintiff that an abscess was not a dental emergency and she told Plaintiff to sign up for "sick call." *Id.* at 14-15.

On July 31, 2018, Plaintiff signed up for sick call. *Id.* at 15. On August 1, 2018, Plaintiff declared another dental emergency because the pain and swelling had

---

[2] Plaintiff does not identify Diaz's Christian name.

increased, which resulted in Plaintiff's inability to sleep and eat. *Id.* On that same day, August 1, 2018, Diaz examined Plaintiff and obtained an x-ray image of Plaintiff's jaw. Based on her examination of Plaintiff and review of the x-ray image, Diaz concluded that there was no abscess. *Id.*

In Plaintiff's first amended complaint, Plaintiff alleges that he then pleaded with medical staff to treat his pain. In response to Plaintiff's request for additional care, they called Physician Assistant Scoggins. Doc. 22-1. Scoggins examined Plaintiff, concluded that he was suffering from a swollen esophagus, and Scoggins admitted Plaintiff to the infirmary for observation. Doc. 27 at 16. Plaintiff remained in the prison's infirmary until August 4, 2018.

From August 1 through August 4, 2018, Plaintiff's condition continued to deteriorate. *Id.* at 16, 22. On August 4, 2018, the Florida Department of Corrections ("FDC") transferred Plaintiff to the Jackson Memorial Hospital. *Id.* at 17. Because there was no qualified oral surgeon on staff, Jackson Memorial Hospital transferred Plaintiff to Southeast Alabama Medical Center. *Id.*

Medical staff obtained an x-ray image and determined that Plaintiff had an abscessed tooth. *Id.* Dr. Brannon Heap, a private physician at Southeast Alabama Medical Center, determined that Plaintiff required surgery due to the severity of the abscess. Dr. Heap performed the surgery on Plaintiff, which resulted in the removal of three teeth and permanent scarring. Doc. 27 at 17.

Plaintiff asserts that Diaz violated his Eighth-Amendment rights because Diaz did not timely provide adequate dental care for Plaintiff's abscess.

## II. STANDARD

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also id.* § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient. *Id.* Rather, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also*

*Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Mere conclusory and vague allegations are insufficient to state a claim, however. *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Similarly, a formulaic recitation of the elements of a claim are insufficient. *Twombly*, 550 U.S. at 555.

### III. Discussion

The Eighth Amendment prohibits infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that a "prison official's 'deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To sufficiently state an Eighth-Amendment claim of deliberate indifference to a serious medical need, a plaintiff must allege:

(1)  he had a serious medical need;

(2)  the defendant was deliberately indifferent to that need; and

(3)  there is a causal connection between the defendant's act or omission and the constitutional deprivation.

*Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1188 (11th Cir. 2020).

Plaintiff asserts that Diaz was deliberately indifferent to his serious medical needs because she: (1) delayed his treatment for a period of six days; (2) recommended that another medical professional examine Plaintiff instead of providing medication; and (3) failed to diagnosis Plaintiff with an abscess and infection.[3]

Deliberate indifference is a higher standard than simple negligence and entails three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow*, 320 F.3d at 1245 (citing *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

"Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (citing *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004)); *see also Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (defining deliberate indifference as conduct that is reckless; that evinces a knowing, conscious disregard). "An official disregards a serious risk by more than mere

---

[3] Failure to receive dental care "may give rise to a sufficiently serious medical need to show objectively a substantial risk of harm." *Farrow*, 320 F.3d at 1244 (first citing *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989); then citing *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980)).

negligence when he or she knows that an inmate is in serious need of medical care, but he or she fails or refuses to obtain [or intentionally delays] medical treatment for the inmate." *Nam Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (citations and quotations omitted).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. *See Harris v. Coweta*, 21 F.3d 388, 393 (11th Cir. 1994). But "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). In other words, a mere difference in a medical opinion between a doctor and an inmate as to the inmate's diagnosis or course of treatment does not establish deliberate indifference. *Id.* at 1505.

When an inmate has received medical treatment, there will be a violation of the Eighth Amendment only when the treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris*, 941 F.2d at 1505. An inadvertent failure to provide adequate medical care, negligence, or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth-Amendment violation. *Whitley*

*v. Albers*, 475 U.S. 312, 319 (1986) (noting that deliberate indifference requires "obduracy and wantonness" not "inadvertence or error in good faith"); *Estelle*, 429 U.S. at 105-07; *Mann v. Taser Int'l Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009).

A.   <u>**Delay in Treating Plaintiff**</u>

Plaintiff asserts that Diaz was deliberately indifferent to his serious medical need because she delayed Plaintiff's treatment.

"An official disregards a serious risk by more than mere negligence 'when he or she knows that an inmate is in serious need of medical care, but he or she fails or refuses to obtain [or intentionally delays] medical treatment for the inmate.'" *Nam Dang*, 871 F.3d at 1280 (citations omitted). In other words "even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow*, 320 F.3d at 1246.

A delay in medical treatment constitutes deliberate indifference "where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Taylor*, 221 F.3d at 1259-60 (quotation omitted). "In contrast, a delay or even denial of medical treatment for superficial, non-serious physical conditions

does not constitute an Eighth Amendment violation." *Kelly v. Ambroski*, 97 F. Supp. 3d 1320, 1339-40 (N.D. Ala. 2015) (citing *Hill*, 40 F.3d at 1186-87).

In evaluating the seriousness of the medical need and the alleged delay, the Eleventh Circuit has noted that pain, bleeding gums, and weight loss from having "virtually no teeth" was not a condition that "require[d] immediate attention." *Farrow*, 320 F.3d at 1248; *see also McElligott*, 182 F.3d at 1258 n.6 (noting that abdominal pain, vomiting, and nausea were "not so serious that a delay of a day or so would have been constitutionally intolerable"). In *Farrow* the court found that although the condition did not require "immediate attention," a delay of several weeks was sufficient to state claims for deliberate indifference to a serious medical need. *Farrow*, 320 F.3d at 1248.

Here, Plaintiff alleges only that he had swelling and pain in his jaw when he declared a medical emergency on July 30, 2018. Diaz determined that Plaintiff's swelling and pain did not constitute a "dental emergency" and advised Plaintiff to sign up for sick call for his dental needs. Mere swelling and pain are not the kind of conditions that require immediate medical treatment. *Farrow*, 320 F.3d at 1248.

Additionally, Plaintiff's allegations indicate that Diaz was responsible for at most a 48-hour delay between Plaintiff's initial complaint of tooth pain (July 30, 2018) and Diaz's examination of Plaintiff on August 1, 2018. "A delay or even denial of medical treatment for superficial, non-serious physical conditions does not

Page 9 of 14

constitute an Eighth Amendment violation." *Kelly*, 97 F. Supp. 3d at 1339-40 (citing *Hill*, 40 F.3d at 1186-87). Plaintiff's allegations, therefore, do not suggest Diaz was deliberately indifferent to a serious medical need when she denied the dental emergency on July 31, 2018.

Plaintiff asserts that Diaz was responsible for an additional four-day delay in his receipt of medical care, but he has not stated any factual allegations that support this assertion. Doc. 27 at 16, 22. Specifically, Plaintiff's allegations show that Diaz obtained a second opinion as to the cause of Plaintiff's swelling and pain after she could not determine the cause herself. Plaintiff received this second evaluation the same day—August 1, 2018—from Scoggins. Scoggins determined that Plaintiff had a swollen esophagus and placed Plaintiff in the infirmary for observation.

Plaintiff claims his condition clearly deteriorated while he was in the infirmary from August 1 through August 4, 2018. Plaintiff, however, has not alleged that Diaz was aware of his deteriorating condition. More specifically, Plaintiff has not alleged that Diaz or any other dental-care staff—as opposed to medical staff serving under Scoggins—were responsible for Plaintiff's care while he was in the infirmary. He also does not allege that Diaz—as opposed to Scoggins or other medical staff—made rounds in the infirmary to check on patients or that she continued to monitor Plaintiff's treatment. Nor has Plaintiff alleged that Diaz made a decision not to transfer Plaintiff to the hospital sooner. Plaintiff was afforded an

opportunity to amend his complaint and present sufficient factual allegations that Diaz was aware of Plaintiff's clearly deteriorating condition and that she was responsible for this additional four-day delay. Doc. 24. He did not do so. Doc. 27. Accordingly, Plaintiff's claim that Diaz was deliberately indifferent to his serious medical need because she delayed providing adequate care should be dismissed.

**B.     Failure to Properly Diagnosis Plaintiff**

To the extent Plaintiff alleges that Diaz violated the Eighth Amendment because she failed to properly read the x-ray images and misdiagnosed Plaintiff, this is an insufficient basis for a claim of deliberate indifference to serious a medical need. Plaintiff has not alleged that Diaz was more than simply negligent in reading the x-ray images and in failing to diagnose Plaintiff's abscess.[4] *Farmer*, 511 U.S. at 836; *Estelle*, 429 U.S. at 106. Even when a medical-care provider's "judgment is ultimately shown to be mistaken, at most what would be proved is medical malpractice, not an Eighth Amendment violation." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). Plaintiff, therefore, has failed to allege an Eighth-Amendment violation in this respect.

---

[4] Although the oral surgeon that performed Plaintiff's surgery stated that any dentist should have been able to diagnose Plaintiff's abscess by looking at the x-ray image, this suggests that Diaz may have been negligent. Deliberate indifference, however, is a higher standard than negligence.

C.   **Mere Disagreement with Diaz's Medical Decision**

Plaintiff also alleges that Diaz did not provide treatment for Plaintiff after she concluded that Plaintiff did not suffer from a dental abscess. Doc. 27 at 21.

"[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Harris*, 941 F.2d at 1507 (quoting *Westlake*, 537 F.2d at 860 n.5). In other words, a mere difference in a medical opinion between a doctor and an inmate as to the inmate's diagnosis or course of treatment does not establish deliberate indifference. *Id.* at 1505; *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that when an inmate receives medical treatment but desires a different mode of treatment, the care provided does not amount to deliberate indifference). Whether governmental actors should have employed "additional diagnostic techniques or forms of treatment" is a "classic example of a matter for medical judgment" and, therefore, is not an appropriate basis for liability under the Eighth Amendment. *See Estelle*, 429 U.S. at 107.

Here, after concluding that the x-ray images showed no abscess, Diaz requested that a second medical professional examine Plaintiff. Doc. 27 at 17, 21; Doc. 22-1. Scoggins performed a second examination of Plaintiff and determined that Plaintiff had a swollen esophagus and should be admitted to the prison's

infirmary. Doc. 27 at 17. Although Plaintiff may have preferred that Diaz take a different course of treatment than securing a second opinion to determine a proper diagnosis for Plaintiff's unexplained swelling and pain, Plaintiff's allegations against Diaz, without more, simply do not rise to the level of an Eighth Amendment violation. *Id.* at 16; *Hamm*, 774 F.2d at 1575.

Because Plaintiff has failed to allege that Diaz was deliberately indifferent to Plaintiff's serious medical need, he has failed to allege a violation of the Eighth Amendment.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** with prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this <u>18th</u> day of February, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**